IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUE RICHTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2172-N |
| | § | |
| CARNIVAL CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Roger Frizzell's and Carnival Corporation's ("Carnival") motions to dismiss [15], [16]. For the following reasons, the Court grants Frizzell's and Carnival's motions to dismiss and grants Plaintiff Sue Richter leave to replead her complaint against Carnival.

## I. ORIGINS OF THE DISPUTE

Richter filed suit against Carnival and Carnival's Chief Marketing Officer, Frizzell, because Richter claims that they stole her idea to create a reality television show showcasing customers vacationing on Carnival cruises. Pl.'s Original Compl. ¶ 9 [1]. Richter states she worked at a public relations firm, where she began working with Frizzell and Carnival. *Id.* ¶ 18. During this time, Richter claims she became aware of Carnival's public relation needs, and to increase Carnival's positive brand awareness, Richter alleges she developed a concept to create a reality show following families vacationing on Carnival cruises. *Id.* ¶ 19–20. Richter states she shared the idea with

MEMORANDUM OPINION AND ORDER – PAGE 1

Frizzell, and Carnival sent her a letter of intent to continue the project. *Id. ¶ 22–23.* Several years later, Carnival informed Richter that it was not interested in producing her show. *Id. ¶ 26.* Yet, Richter claims Carnival ultimately produced a reality television show, just like the concept she developed. *Id. ¶ 27.*

Richter alleges six claims against Carnival and Frizzell. *Id. ¶ 7.* Carnival and Frizzell each filed motions to dismiss. Frizzell claims Richter failed to create a prima facie case for personal jurisdiction, and Carnival argues Richter failed to sufficiently plead each cause of action.

## II. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER FRIZZELL

The Court dismisses Frizzell because the Court does not have general or specific personal jurisdiction over him.

### A. Personal Jurisdiction Legal Standard

A nonresident defendant is subject to the jurisdiction of a federal court sitting in diversity if (1) the forum state's long-arm statute confers personal jurisdiction over the defendant, and (2) exercise of personal jurisdiction by the forum state is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas Long Arm Statute confers jurisdiction to the limits of the Constitution. *Id.*; *see also Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984). "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally

analyzed entirely within the framework of the Constitutional constraints of Due Process." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003); *see also Gessmann v. Stephens*, 51 S.W.3d 329, 335 (Tex. App. – Tyler 2001, no pet.).

The Due Process Clause of the Fourteenth Amendment limits the reach of a state court's—and thus a federal court's—jurisdiction over a nonresident defendant. *See Shaffer v. Heitner*, 433 U.S. 186, 207 (1977). Specifically, due process requires that two elements be satisfied. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 476 (1985). First, the nonresident must have purposefully established "minimum contacts" in the forum state such that he should reasonably anticipate being haled into court in the forum state. *Id.* at 474. Second, the exercise of personal jurisdiction must "comport with 'fair play and substantial justice.'" *Id.* at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). The minimum contacts analysis required by due process ensures that individuals have a "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Id.* at 472 (alteration in original) (internal quotations and citations omitted).

Minimum contacts can create either general personal jurisdiction or specific personal jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists where the claim is unrelated to the nonresident's contacts with the forum, but where those contacts are "continuous and systematic." *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002). Specific jurisdiction, on the other hand, exists if (1) the cause of action is related to, or arises from, the defendant's contacts with the forum, and

(2) those contacts meet the due process standard. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). Under either a general or specific jurisdiction analysis, however, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp.*, 471 U.S. at 474.

"In evaluating a nonresident's contacts with the forum, we must determine whether the nonresident has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Holt Oil & Gas Corp.*, 801 F.2d at 777. A court must consider the totality of the circumstances of a case when making the purposeful-availment inquiry, as "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Miss. Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

The plaintiff, as the party seeking to invoke the Court's power, bears the burden of establishing the Court's jurisdiction over a foreign defendant. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). The plaintiff must plead enough facts to establish a prima facie case that the Court has personal jurisdiction over the defendant. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424 (5th Cir.

2005). If a district court, as here, decides a motion to dismiss without holding an evidentiary hearing, a prima facie case suffices to establish jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (internal quotations and citations omitted). A court must take all uncontroverted allegations in the complaint as true, and it must resolve all factual conflicts in favor of the plaintiff. *Pervasive Software Inc.*, 688 F.3d at 219–20. In deciding the motion, the Court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (internal quotations and citations omitted).

### B. The Court Does Not Have General Jurisdiction Over Frizzell

As a threshold matter, the Court lacks general jurisdiction over Frizzell. Richter alleges that Frizzell is domiciled in Oklahoma, not Texas. Pl.'s Original Compl. ¶ 6 [1]. Richter alleges that Frizzell has "minimum contacts" with Texas and that Frizzell has "purposefully availed" himself of the privileges of conducting business in Texas because Frizzell regularly conducts business in Texas. *Id.* ¶ 2. But Richter's assertions are nothing more than conclusory allegations that Frizzell engaged in regular, Texas-specific business conduct. The Court finds these allegations are not enough to establish a prima facie case for general personal jurisdiction because Richter failed to establish that Frizzell has "continuous and systematic" contacts with Texas.

### C. The Court Does Not Have Specific Jurisdiction Over Frizzell

Likewise, the Court lacks specific jurisdiction over Frizzell. The Fifth Circuit applies a three-step inquiry to determine if a court has specific jurisdiction over a party:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (internal quotations and citations omitted). The plaintiff bears the burden to establish the first two prongs, after which the burden shifts to the defendant to establish the third. *Id.*

The Supreme Court has made clear that the minimum contacts "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis in original) (internal quotations and citations omitted). The analysis looks to the defendant's contacts with the State, not the person who resides there. *Id.* "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Further, even in intentional tort cases, the defendant must engage in intentional conduct with the *forum* in order to meet the specific jurisdiction requirement. *Id.* at 286.

The Court finds that Richter fails to establish that the Court has specific jurisdiction over Frizzell. First, Richter alleges that Frizzell conducted substantial business in Texas, but Richter fails to specify any details regarding these business engagements. *See* Pl.'s Original Compl. ¶ 2 [1]. The Court finds that Richter's

conclusory allegations are not enough to establish that Frizzell's "substantial business" creates minimum contacts with Texas. Even if theses engagements were enough, the Court finds that Richter does not establish that her claim arises out of these engagements.

Next, Richter fails to allege that, apart from his communications with Richter, Frizzell engaged in specific, intentional conduct *with Texas*. Richter pleads that Frizzell has connections to Texas because she and Frizzell communicated while she was a Texas resident. *See id.* ¶ 18. However, this contact does not establish specific jurisdiction because Richter cannot be the only connection between Frizzell and Texas. *See Walden*, 571 U.S. at 284–85. Thus, the Court finds it does not have specific jurisdiction over Frizzell. Because the Court does not have either general or specific jurisdiction over Frizzell, the Court dismisses him from the suit.

## IV. THE COURT GRANTS CARNIVAL'S MOTION TO DISMISS

The Court dismisses without prejudice Richter's seven claims, including breach of express and implied contract, tortious interference with a contract, breach of fiduciary duty, fraud, breach of confidence and misappropriation of confidential information, misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), and civil conspiracy, against Carnival for failure to sufficiently state each claim for relief.

### A. *Rule 12(b)(6) Motion to Dismiss Legal Standard*

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must

include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the Court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotations and citations omitted).

### B. The Court Dismisses Richter's Breach of Express and Implied Contract Claim

In order to allege a breach of contract claim, the plaintiff must show: "(1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of contract, and (4) the plaintiff's damages as a result of the breach." *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App. – Houston [1st Dist.] 2002, pet. denied). The existence

of a valid contract, whether express or implied, requires: "(1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *DeClaire v. G & B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App. – Houston [1st Dist.] 2008, no pet.); *see Univ. Nat'l Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex. App. – San Antonio 1989, no writ) ("The elements of a contract, express or implied, are identical."). In an express contract, the parties usually state and agree to the specific terms. *Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). However, an implied contract arises when the parties' acts and conduct create an inference of mutual intention to contract. *Id.*

Here, the Court finds Richter fails to plead enough facts to establish that the parties entered into a contract. First, Richter does not sufficiently plead that the parties agreed to an express contract. While Richter states that she and Carnival entered into a contract, the Court finds this conclusory allegation is not enough to establish that a contract exists. *See* Pl.'s Original Compl. ¶ 30 [1]. Additionally, she alleges that Carnival sent her a "letter of intent," but in this letter, Carnival informed her that "other details [would] be outlined in a formal contract." *Id.* ¶ 23 (alterations in original). Even when construing these facts in Richter's favor, this letter of intent does not establish that both parties entered into an express, binding agreement. Thus, the Court finds Richter fails to establish that a valid, express contract exists.

Second, Richter does not sufficiently establish that the parties entered into an implied contract. Richter alleges that "through the course of their dealings, Richter and Frizzell established a salary, retention of creative control over the Concept, Executive Producer, her role as a co-host of the Concept, and various other terms of the control." *Id.* ¶ 31. However, Richter's conclusory allegations are not enough to create an inference that both parties mutually assented to a binding agreement. Richter's allegations that the implied contract arose from the parties' course of dealings are insufficient to create an inference of that both parties intended to bind themselves to the alleged terms. The Court finds that Richter's pleadings are conclusory and insufficient to establish the existence of a contract. Accordingly, the Court dismisses Richter's breach of express and implied contract claim.

### C. The Court Dismisses Richter's Tortious Interference with a Contract Claim

Texas law creates a claim for tortious interference against a third-party who "wrongly induces another contracting party to breach the contract." *Holloway v. Skinner*, 898 S.W.2d 793, 794–95 (Tex. 1995). A party must show "(1) the existence of a contract subject to interference, (2) a willful and intentional act of interference, (3) such act was a proximate cause of damage and (4) actual damage or loss occurred." *Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 926 (Tex. 1993). "By definition, the person who induces the breach cannot be a contracting party." *Holloway*, 898 S.W.2d at 795. To establish a claim when an actor serves as a corporate agent and a third party, the plaintiff must show

that the actor performed the alleged action in furtherance of the defendant's personal interests. *Id.* at 796.

The Court finds Richter fails to state a claim for tortious interference with a contract.[1] As discussed above, Richter fails to establish that a valid contract exists. Without sufficiently alleging a valid contract, Richter fails to allege a claim for tortious interference. Nevertheless, assuming a contact exists, Carnival cannot be held liable for tortious interference with its own alleged contract. Richter states that she had a valid contract with Carnival. Pl.'s Original Compl. ¶ 37 [1]. Richter then alleges that Carnival, through Frizzell, wrongly interfered with the contract. *Id.* ¶ 38. However, Richter does not allege any facts to support that this interference was for Frizzell's personal interest. Thus, the Court finds Richter failed to state a cognizable claim of tortious interference.

### D. The Court Dismisses Richter's Breach of Fiduciary Duty Claim

A breach of fiduciary duty claim requires the plaintiff to show: "(1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App. – Dallas 2006, pet. denied). Fiduciary relationships occur when one person trusts in

---

[1] In her response, Richter claims she intended to assert this claim against Frizzell, not Carnival. Pl.'s Resp. Def. Carnival Corp.'s Mot. Dismiss 5–6. However, the Court is not convinced that the complaint makes clear that Richer asserts this cause of action against Frizzell and not both defendants. Because the complaint is not clear, the Court addresses the cause of action against Carnival.

and relies on another person. *Schlumberger Tech. Copr. v. Swanson*, 959 S.W.2d 171, 176 (Tex. 1997). But even if the relationship involves a high degree of trust and confidence, it might not rise to the level of a fiduciary relationship. *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005). Some relationships, like attorney–client or trustee relationships, create a formal fiduciary duty as a matter of law. *Id.* An informal fiduciary duty can "arise from a moral, social, domestic or purely personal relationship of trust and confidence." *Id.* at 331 (internal quotations and citations omitted). A business transaction can create an informal fiduciary duty, but "the special relationship of trust and confidence must exist prior to, and apart from, the agreement [that] made the basis of the suit." *Id.* (internal quotations and citations omitted). But the fact that one businessman trusts another and relies upon his promise to perform a contract, does not create a confidential relationship." *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (5th Cir. 1992), *superseded by statute on other grounds as recognized in Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 225–26 (Tex. 2002).

The Court finds that Richter does not sufficiently plead a fiduciary relationship between herself and Carnival or Frizzell. First, Richter does not allege facts that create a formal fiduciary relationship. Richter states she worked with Carnival and Frizzell, but Richter fails to show that Richter and Carnival or Frizzell engaged in any type of formal fiduciary relationship as a matter of law.

Next, Richter does not state sufficient facts to show that she and Carnival or Frizzell engaged in an informal fiduciary relationship. Richter claims she entered a business relationship with Carnival, and Richter's husband had a trusting, working relationship with Frizzell. *See* Pl.'s Original Compl. ¶ 21, 46 [1]. However, the Court finds that Richter only alleges a commonplace, business relationship, rather than a fiduciary relationship. Richter also alleges that Carnival owed her a duty of good faith, a duty of fairness and honesty, a duty to fully disclose all matters, a duty not to fully usurp or appropriate her concept, and a duty not to compete. *Id.* ¶ 47. But Richter does not allege any facts, beyond these conclusory allegations, to show that she and Carnival entered this type of relationship or that Carnival agreed to uphold these duties. Additionally, Richter fails to establish that she trusted and relied on Carnival apart from the alleged agreement to create the television show. Thus, the Court finds her allegations are not enough to establish a fiduciary relationship and dismisses the claim.

### E. The Court Dismisses Richter's Fraud Claim

When pleading a fraud claim, even a state-law fraud claim, a party must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). FED. R. CIV. P. 9(b); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2000) (explaining that Rule 9(b) applies to state-law fraud claims). Specifically, the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan*, 600 F.3d at 551 (internal citations and quotations omitted). In other words, the plaintiff must

show "the who, what, when, where, and how" of the alleged fraud. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations and citations omitted). Further, a plaintiff must "identify specific statements made by the party who allegedly made the representation." *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (Boyle, J.) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

The Court finds that Richter states the elements of the cause of action but fails to provide enough specificity. Richter alleges that Carnival, through Frizzell, implied its desire to discuss Richter's concept. Pl.'s Original Compl. ¶ 53 [1]. Further, Richter states that Carnival sent her a letter of intent but never intended to follow through with its intention to work with her. *Id.* ¶ 55–57. However, Richter's allegations do not meet the heightened pleading standard required for fraud. Richter does not plead the specific statements that Carnival and Frizzell made to Richter. Richter does not allege with particularity when Carnival made the alleged false representations. More, Richter only states conclusory allegations of Carnival's fraudulent intent. Thus, Richter fails to provide a sufficient factual basis for her fraud allegation.

### F. The Court Dismisses Richter's Breach of Confidence and Misappropriation of Confidential Information Claim

Under Texas law, a breach of confidence claim mirrors a misappropriation of trade secrets claim. *Hyde Corp. v. Huffines*, 314 S.W.2d 763, 769 (Tex. 1958). To establish the common law claim of breach of confidence or misappropriation of confidential information, a plaintiff must establish that the information is "secret or

MEMORANDUM OPINION AND ORDER – PAGE 14

substantially secret." *Stewart & Stevenson Servs., Inc. v. Serv-Tech, Inc.*, 879 S.W.2d 89, 99 (Tex. App. – Houston [14th Dist.] 1994, writ denied); *SP Midtown, Ltd. v. Urban Storage, L.P.*, 2008 WL 1991747, at *5 n.5 (Tex. App. – Houston [14th Dist.] 2008, pet. denied) (mem. op.).

Here, the Court finds that Richter failed to sufficiently plead a claim for breach of confidence and misappropriation of confidential information. Assuming Richter sufficiently alleged the existence of a trade secret, the Court finds that Richter failed to keep the information substantially secret. Richter alleges that she disclosed her idea to Hollywood producers and assessed network interest. Pl.'s Original Compl. ¶ 24 [1]. But Richter fails to show that these third parties had an obligation of confidentiality. Because Richter failed to establish that she maintained the secrecy of her concept, the Court dismisses Richter's breach of confidence and misappropriation of confidential information claim.

### G. The Court Dismisses Richter's Misappropriation of Trade Secrets Claim

The DTSA allows the owner of a trade secret to bring a private right of action when her secret is misappropriated and related to a product or service used in, or intended for use in, interstate or foreign commerce. 18 U.S.C. § 1836(b)(1). A trade secret requires the owner to take reasonable measures to keep the information secret, and the information should derive "independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." *Id.* §

1839(3).  Information that is public knowledge or generally known cannot be a trade secret, and "[i]f an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984).

The Court dismisses Richter's DTSA claim.  Like Richter's misappropriation of confidential information claim, Richter fails to establish that she maintained the secrecy of her alleged trade secret.  Richter alleges that she secured Hollywood producers and assessed network interest.  Pl.'s Original Compl. ¶ 24 [1].  But Richter fails to allege she maintained secrecy throughout this process, and accordingly, the Court dismisses her claim.

### H.  The Court Dismisses Richter's Civil Conspiracy Claim

Under Texas law, a civil conspiracy claim requires "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate results." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  "It is a long-standing rule . . . that a corporation cannot conspire with itself . . . ." *Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994); *see also Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, (Tex. App. – Dallas 2009, pet. denied); *Fojtik v. First Nat. Bank of Beeville*, 752 S.W.2d 669, 673 (Tex. App. – Corpus Christi 1988), *writ denied*, 775 S.W.2d 632 (Tex. 1989).  However, if an employee acts for his own personal

gain, rather than on behalf of the company, then the corporation could conspire with its employee. *See Fojtik*, 752 S.W.2d at 673.

Here, Richter fails to state a claim for civil conspiracy. Richter alleges that Carnival and Frizzell conspired to steal Richter's concept. Pl.'s Original Compl. ¶ 9 [1]. However, Richter claims that Frizzell was the Chief Marketing Officer and acting as Carnival's agent. *See id.* Frizzell and Carnival cannot conspire, unless working on behalf of Frizzell's personal interest. However, Richter does not allege any facts showing that Frizzell and Carnival conspired for Frizzell's personal gain. Thus, the Court finds Richter failed to sufficiently plead a claim of civil conspiracy.

## IV. THE COURT GRANTS RICHTER LEAVE TO FILE AN AMENDED COMPLAINT

The Court grants Richter leave to file an amended complaint against Carnival. When a motion to dismiss is based on complaint insufficiency, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). "If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it." *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 608–09 (N.D. Tex. 2006) (Fish, C.J.) (internal quotations and citations omitted). Richter has not amended her pleading yet, and she has not advised the Court that she is

unwilling or unable to amend. Thus, the Court grants Richter leave to amend her complaint. Richter should file her amended complaint within thirty (30) days of this Order.

**CONCLUSION**

The Court finds it does not have personal jurisdiction over Frizzell and dismisses all claims against him. The Court finds Richter failed to sufficiently plead her claims against Carnival, but the Court grants Richter leave to amend her pleadings within thirty (30) days of this Order. If Richter does not replead within that time, the Court will dismiss this action with prejudice without further notice.

Signed November 12, 2019.

David C. Godbey
United States District Judge