IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUE RICHTER, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:18-CV-2172-N |
| § | | |
| CARNIVAL CORPORATION, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Carnival Corporation's ("Carnival") motion to dismiss Plaintiff Sue Richter's first amended complaint [32]. For the following reasons, the Court grants the motion.

### I. ORIGINS OF THE DISPUTE

Richter filed suit alleging that Carnival unlawfully utilized her concept to create a television show. Richter contends that she previously worked at a press relations firm, where Carnival was one of her clients. While working at the firm, Richter argues that she presented Carnival with the idea of a reality television show, titled *SeaGals*, that would showcase contestants competing in obstacles while aboard a Carnival cruise. Richter states that she registered her concept with the Writers Guild of America (the "WGA"). Richter alleges that Carnival expressed interest in the show and that she and Carnival entered a contract to produce it. Later Carnival told Richter that it was no longer interested in the concept. Yet, Carnival created a television show, titled *Vacation Creation*, which personalized vacations for couples, families, and individuals facing hardships. Richter

MEMORANDUM OPINION AND ORDER – PAGE 1

states that Carnival induced her to divulge her proprietary information without any actual intention to credit her for the idea.

Carnival moved to dismiss the original complaint, and the Court dismissed the complaint and granted Richter leave to refile. Richter filed an amended complaint, and now Carnival moves to dismiss the amended complaint.

## II. MOTION TO DISMISS LEGAL STANDARD

When addressing a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). To survive dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, a plaintiff must plead factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

In ruling on a Rule 12(b)(6) motion, the Court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the Court does not accept as true "conclusory allegations, unwarranted factual

MEMORANDUM OPINION AND ORDER – PAGE 2

inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (internal quotations and citations omitted).

### III. THE COURT GRANTS CARNIVAL'S MOTION TO DISMISS

Richter filed an amended complaint and alleged four claims: breach of contract, quantum meruit, fraud, and breach of confidence or misappropriation of confidential information. The Court holds that Richter failed to state a plausible breach of contract claim. The Court also determines that Richter's common law claims based on her alleged trade secrets are preempted and that, alternatively, Richter failed to plead plausible common law claims.

#### A. The Court Dismiss Richter's Breach of Contract Claim

In order to allege a breach of contract claim, the plaintiff must show: "(1) the existence of a valid contract between plaintiff and defendant, (2) the plaintiff's performance or tender of performance, (3) the defendant's breach of contract, and (4) the plaintiff's damages as a result of the breach." *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App. – Houston [1st Dist.] 2002, pet. denied). The existence of a valid contract, whether express or implied, requires: "(1) an offer, (2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding." *DeClaire v. G & B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App. – Houston [1st Dist.] 2008, no pet.); *see Univ. Nat'l Bank v. Ernst & Whinney*, 773 S.W.2d 707, 710 (Tex. App. – San Antonio 1989, no writ) ("The elements of a contract, express or implied, are identical."). In an express contract, the parties usually state and agree to the specific terms. *Haws & Garrett*

MEMORANDUM OPINION AND ORDER – PAGE 3

*Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). However, an implied contract arises when the parties' acts and conduct create an inference of mutual intention to contract. *Id.* "As a general rule, the benefits and burdens of a contract belong solely to the contracting parties, and no person can sue upon a contract except he be a party to or in privity with it." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (internal quotations and citations omitted).

Here, the Court holds that Richter failed to plead enough facts to establish that the parties entered into a contract. Richter alleges that she and Carnival entered a contract, evidenced by an email between Carnival and Alex Gutenmaker and email communications between the parties. *See* Pl.'s First Am. Compl. ("Richter's Am. Compl.") 11–13 [29]; Richter's Am. Compl., Ex. F [29-6]. But the Court determines that Richter's allegations do not establish a plausible basis for an express or implied contract.

First, the Court holds that Richter does not sufficiently plead that the parties agreed to an express contract. The Court determines that the 2014 email between Carnival and Gutenmaker is insufficient to establish a claim for breach of an express contract. *See* Richter's Am. Compl., Ex. F. In this letter, Carnival informed her that "[o]ther details will be outlined in a formal contract." *Id.* Richter provides no other allegations to establish that this was anything more than a letter of intent. Thus, the Court concludes that this email does not establish that both parties entered into an express, binding agreement.

Next, Richter's allegations that the parties' email conversations create a contract are not enough to establish a plausible claim. Richter pleads that both parties established terms and entered an express contract via email. *See* Richter's Am. Compl. 12. More

MEMORANDUM OPINION AND ORDER – PAGE 4

specifically, Richter pleads that the parties discussed her concept and terms regarding industry salaries, and Carnival mentioned it was "onboard" with the idea. *Id.* at 11–12. But Richter's pleadings and attached emails do not establish that either party assented to express, binding terms. Without more, Richter's allegations do not plausibly establish that the parties mutually bound themselves with an express contract.

Second, Richter does not sufficiently establish that the parties entered into an implied contract. Richter alleges that the email exchanges between Carnival and Richter evidence an implied contract. *Id.* However, the Court determines that the allegations establish that the parties discussed the concept and possible specifications if the parties were to move forward, but the pleadings fail to create a plausible claim that both parties intended and mutually assented to bind themselves to an implied contract. Thus, the Court holds that Richter's pleadings are insufficient to establish the existence of a contract, and the Court dismisses Richter's claim for breach of an express or implied contract.

### B. The Court Determines That Richter's Common Law Claims are Preempted

The Texas Uniform Trade Secrets Act ("TUTSA") preempts "conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." TEX. CIV. PRAC. & REM. CODE § 134A.007(a). Contractual remedies and "other civil remedies that are not based upon misappropriation of a trade secret" are exempt from the provision. *Id.* § 134A.007(b)(1), (2). The purpose of TUTSA preemption is to "prevent inconsistent theories of relief for the same underlying harm by eliminating alternative theories of common law recovery which are premised on the misappropriation

of a trade secret." *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, 2018 WL 315753, at *3 (W.D. Tex. Jan. 5, 2018) (internal quotations and citations omitted).

Few Texas state courts have interpreted the scope of TUTSA. *See StoneCoat of Tex., LLC v. ProCal Stone Design, LLC*, 2019 WL 4346538, at *15 (E.D. Tex. Sept. 12, 2019). But many Texas federal courts have held that TUTSA preempts claims regarding the misappropriation of information, even if the information is not a trade secret. *See id.* at *15, *19; *Embarcadero Techs., Inc.*, 2018 WL 315753, at *3; *360 Mortg. Grp., LLC v. Homebridge Fin. Servs., Inc.*, 2016 WL 900577, at *8 (W.D. Tex. Mar. 2, 2016) (finding that TUTSA preemption applies to information that is not a trade secret and noting "[m]ost courts considering this question have determined UTSA was intended to preempt all claims based upon the unauthorized use of information"). *But see DHI Grp., Inc. v. Kent*, 397 F. Supp. 3d 904, 922–23 (S.D. Tex. 2019) (holding that TUTSA's preemption provision cannot be read to preempt civil remedies for misappropriation of information that is not a trade secret); *AMID, Inc. v. Medic Alert Found. United States, Inc.*, 241 F. Supp. 3d 788, 826–27 (S.D. Tex. 2017).

Here, the Court holds that Richter's noncontract claims are preempted by TUTSA. Richter argues that her claims are not preempted, but if so, she contends that she properly pled a TUTSA claim in her complaint. Pl.'s Resp. Def. Carnival Corp.'s Mot. Dismiss First Am. Compl. ("Richter's Resp.") 12–15 [33]. But Carnival argues that her noncontract claims are based on her allegations of Carnival's misappropriation of her trade secrets, and if preempted, Richter did not plead a TUTSA claim. Def. Carnival Corporation's Reply Supp. Its Mot. Dismiss First Am. Compl. ("Carnival's Reply") 6–7 [34].

MEMORANDUM OPINION AND ORDER – PAGE 6

As a preliminary matter, the Court determines that TUSTA preemption applies. Richter pled that Carnival misused her "trade secrets and other proprietary information." *See* Richter's Am. Compl. 3. Further, in Richter's response, Richter alleged that her concept was a trade secret under TUTSA. Richter's Resp. 13–14. Based on Richter's pleadings, the Court holds that TUTSA is applicable to Richter's trade secret claims, and the Court determines it need not decide whether TUTSA applies to information that is not a trade secret.

Next, the Court determines that Richter's noncontract claims of fraud, quantum meruit, and breach of confidence or misappropriation of confidential information, all arise out of the same underlying claim—Carnival unlawfully induced and used Richter's trade secrets. Because TUTSA preempts all "conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret," the Court holds that Richter's noncontract claims are preempted. TEX. CIV. PRAC. & REM. CODE § 134A.007(a).

Further, the Court determines that Richter did not sufficiently plead a TUTSA claim. The Court holds that regardless of whether Richter pled facts that could establish a TUFTA claim, Richter pled only four causes of action and did not mention or allude to a TUTSA claim. *See* Richter's Am. Compl. 11–16. Accordingly, the Court dismisses Richter's noncontract claims.

### C. The Court Holds That Richter Failed to
### Sufficiently Plead Her Common Law Claims

In the alternative that Richter's common law claims are not preempted, the Court determines that Richter failed to sufficiently plead any claims for relief.

*1. The Court Holds That Richter Did Not Sufficiently Plead Her Fraud Claim.* – A Texas law fraud claim requires the plaintiff to show (1) that the speaker made a material representation; (2) that was false; (3) that the speaker knew the representation was false or that the speaker made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the party; (5) that the party acted in reliance upon it; (6) that he thereby suffered injury." *Stone v. Lawyers Title Ins. Co.*, 554 S.W.2d 183, 185 (Tex. 1977). But "[b]efore a promise to do something in the future can be actionable fraud, a plaintiff must plead and prove that at the time the promise was made, the defendant had no intentions of carrying out the promise." *Chancellors Racquet Club v. Schwarz*, 661 S.W.2d 194, 196 (Tex. App. – Houston [1st Dist.] 1983, writ ref'd n.r.e.).

When pleading a fraud claim, even a state-law fraud claim, a party must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). FED. R. CIV. P. 9(b); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2000) (explaining that Rule 9(b) applies to state-law fraud claims). Specifically, the plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan*, 600 F.3d at 551 (internal citations and quotations omitted). In other words, the plaintiff must

show "the who, what, when, where, and how" of the alleged fraud. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (internal quotations and citations omitted). Specifically, a plaintiff must "identify specific statements made by the party who allegedly made the representation." *7-Eleven Inc. v. Puerto Rico-7 Inc.*, 2008 WL 4951502, at *2 (N.D. Tex. Nov. 19, 2008) (Boyle, J.) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

The Court determines that Richter failed to provide enough specificity to sufficiently allege a claim for fraud. Richter alleges that Carnival fraudulently induced her to share her concept, even though Carnival had no intention to compensate her for the idea. Richter's Am. Compl. 14–16. Richter alleges that Carnival specifically stated that they were onboard with the concept, yet later Carnival told Richter that the company was not interested. *Id.*

However, Richter's allegations do not meet the heightened pleading standard required for fraud. Richter does not plead enough to allege that Carnival knew the statements were false when Carnival made the statements to Richter. Richter's allegations that Carnival knew the statements were false because Carnival was interested in July 2014 and then no longer interested July 2015 is not enough. *See Chancellors Racquet Club*, 661 S.W.2d at 196. Thus, the Court holds that Richter failed to provide a sufficient factual basis for her fraud allegation.

### 2. The Court Determines That Richter Failed to State a Plausible Quantum Meruit Claim.

– "Quantum meruit is an equitable remedy that is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." *In re*

MEMORANDUM OPINION AND ORDER – PAGE 9

*Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005) (emphasis omitted) (internal quotations and citations omitted). A plaintiff must show: "(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged." *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018). However, "the expectation of a future business advantage or opportunity cannot form the basis of a cause of action in quantum meruit." *Peko Oil USA v. Evans*, 800 S.W.2d 572, 576 (Tex. App.—Dallas 1990, writ denied).

      Here, the Court holds that Richter failed to state a claim for relief. First, the Court determines that Richter failed to plead that Carnival accepted Richter's services and used and enjoyed the services. Richter alleges that Carnival aired a reality television show after she proposed and began developing her idea for a reality television show. *See* Richter's Am. Compl. 11. Yet, her pleadings establish that her show was contestant-driven, with challenging activities and competitions, while Carnival's show highlighted the vacations of couples, individuals, and families facing hardships and in need of hope. *See* Richter's Am. Compl., Ex. A, G [29-1], [29-7]. Richter's pleading rest on the allegation that because Carnival created a reality television show, Carnival used Richter's concept, even though the show was based on a different premise. Even when construing all facts in Richter's favor, the Court determines that these allegations are not sufficient to plausibly plead that Carnival accepted and used Richter's concept.

MEMORANDUM OPINION AND ORDER – PAGE 10

Further, the Court determines that Richter failed to show that she and Carnival had an established business relationship. Richter alleges that she divulged her concept with an expectation to be paid for the production of the show. Richter's Am. Compl. 13. The Court determines that Richter's allegations establish that Richter expected compensation for the future business opportunity to create the show. The Court holds that this is not enough to establish a plausible claim. Thus, the Court dismisses Richter's quantum meruit claim.

**3.  *The Court Holds That Richter Failed to Plead Her Breach of Confidence or Misappropriation of Confidential Information Claim.*** – Under Texas law, a breach of confidence claim mirrors a misappropriation of trade secrets claim. *See Hyde Corp. v. Huffines*, 314 S.W.2d 763, 769 (Tex. 1958). To establish the common law claim of breach of confidence or misappropriation of confidential information, a plaintiff must establish that the information is "secret or substantially secret." *Stewart & Stevenson Servs., Inc. v. Serv-Tech, Inc.*, 879 S.W.2d 89, 99 (Tex. App. – Houston [14th Dist.] 1994, writ denied); *SP Midtown, Ltd. v. Urban Storage, L.P.*, 2008 WL 1991747, at *5 n.5 (Tex. App. – Houston [14th Dist.] 2008, pet. denied) (mem. op.).

Here, the Court determines that Richter failed to sufficiently plead a claim for breach of confidence or misappropriation of confidential information. Richter alleges that she submitted her idea to the WGA, but Richter does not plead that filing her concept with WGA kept the information secret. The Court holds that Richer failed to sufficiently allege that she kept the information secret, or substantially secret. *See Stewart & Stevenson*

*Servs., Inc.*, 879 S.W.2d at 97 (noting that a trade secret remained a secret until the issuance of a patent).

Further, the Court determines that Richter failed to allege sufficient facts that Carnival used or misappropriated Richter's confidential information. Richter's allegations establish that Carnival created a different reality show. The Court determines that Richter's allegations are not enough to establish that Carnival used her confidential information in creating the show. Thus, the Court holds that Richter failed to plead her breach of confidence or misappropriation of confidential information claim.

## CONCLUSION

The Court determines that Richter failed to sufficiently plead her claim for breach of contract. The Court holds that Richter's common law claims are preempted, and alternatively, the Court determines that Richter failed to sufficiently plead her common law claims. Accordingly, the Court grants Carnival's motion.

Signed April 15, 2020.

_____
David C. Godbey
United States District Judge